UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN TRACY HILL,

      Plaintiff,

    v.

CONTRA COSTA COUNTY SHERIFF'S
DEPARTMENT, et al.,

      Defendants.

Case No. 25-cv-06832-VC

**SECOND ORDER OF DISMISSAL
WITH LEAVE TO AMEND**

Brian Tracy Hill filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against deputies at the Martinez Detention Facility (MDF) in Contra Costa County for conduct committed while he was a pretrial detainee there. He subsequently filed a First Amended Complaint (FAC), Dkt. No. 10, which the court dismissed with leave to amend. He filed a Second Amended Complaint (SAC), Dkt. No. 19, which the court now dismisses again with leave to amend.

**DISCUSSION**

**I.    Standard of Review**

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . .. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. All or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in either law or in fact.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

## II.    Hill's Second Amended Complaint

Hill's SAC does not state any cognizable claims against any specific defendants, and continues to suffer from several defects. First, he continues to name no defendants. He complains of multiple unrelated excessive force incidents, classification issues, and lack of medical care. Although he attempts to describe some of the deputies involved in the force incidents by physical characteristics, he does not include any dates or times by which the individuals could be

identified, and the case cannot proceed without any known or ascertainable defendants who can be served a summons to appear.

Second, his SAC makes unrelated claims against different defendants. "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Accordingly, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Unrelated claims against different defendants belong in different suits, not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." *Id.* (citing 28 U.S.C. § 1915(g)).

Parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner." *George*, 507 F.3d at 607.

Hill may, if he chooses, make one more attempt to state a cognizable claim against an ascertainable defendant in a Third Amended Complaint (TAC). He should pick a specific incident and provide as much detail as possible about when and where it occurred. He should not describe multiple different unrelated incidents involving different defendants, nor should he include different types of claims. His complaint should be a short and plain statement of the claim.

3

## CONCLUSION

Based on the foregoing, the court orders as follows:

1.      Hill's motion for an extension of time (Dkt. No. 18) is denied as moot.

2.      Even liberally construed, the allegations do not give rise to any federal claims against any defendants. The complaint is dismissed with leave to amend to remedy the deficiencies noted above.

3.      If Hill wishes to file a Third Amended Complaint (TAC), he must do so within twenty-eight days from the date of this order. The TAC must include the caption and civil case number used in this Order and the words THIRD AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Hill must include in it all the allegations he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from his original complaint by reference. Failure to amend within the designated time will result in the dismissal of this case with prejudice.

3. It is Hill's responsibility to prosecute this case. He must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:    7/14/2026

_____
VINCE CHHABRIA
United States District Judge