UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN TRACY HILL,<br>Plaintiff,<br>v.<br>CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT, et al.,<br>Defendants. | Case No. 25-cv-06832-VC<br>**ORDER OF DISMISSAL** |

Brian Tracy Hill filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against deputies at the Martinez Detention Facility (MDF) in Contra Costa County for conduct committed while he was a pretrial detainee there. He subsequently filed a First Amended Complaint (FAC), Dkt. No. 10, which the court dismissed with leave to amend. He then filed a Second Amended Complaint (SAC), Dkt. No. 19, which the court again dismissed with leave to amend. Before the Court is Hill's Third Amended Complaint, which the court now dismisses with prejudice.

## DISCUSSION

### I. Standard of Review

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,

699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

**II. Hill's Third Amended Complaint**

Hill's TAC does not state any cognizable claims against any specific defendants and suffers from multiple defects. First, he is unable to name any specific defendants who participated in the alleged excessive force incidents. He attempts to describe some deputies by physical characteristics, but does not include specific dates or times by which the individuals could be identified, and the case cannot proceed without any known or ascertainable defendants who can be served a summons to appear. The periods of time during which either assault occurs ranges from months to years. Furthermore, Hill provides no additional documentation related to his grievances or medical care to help the court decipher when the incidents took place. While Hill does name the Contra Costa County Sheriff, he does not allege that he himself took part in these incidents.

Unlike the prior amended complaint, the TAC does connect the two alleged incidents because one of the alleged perpetrators participated in both. However, the time period of both of the incidents does not allow the court to ascertain who the individual is. The case is dismissed with prejudice, and judgment will be entered in favor of defendants.

**IT IS SO ORDERED.**

Dated: November 2, 2026

VINCE CHHABRIA
United States District Judge